IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN RUSH, JR.,                    )
        Plaintiff,                 )
                                   )
        v.                         )        Civil No. 3:13cv452 (HEH)
                                   )
CAROLYN W. COLVIN,                 )
Acting Commissioner of Social Security,  )
        Defendant.                 )
_____)

## REPORT AND RECOMMENDATION

John Rush, Jr. ("Plaintiff") filed applications for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") under the Social Security Act ("Act") on August 10,

2011. Plaintiff seeks review in this Court of the denial of benefits by an Administrative Law

Judge ("ALJ"), despite not obtaining a review of the ALJ's decision by the Appeals Council.

Furthermore, Plaintiff has failed to establish that he resides or principally conducts his business

in this district. Both failures by Plaintiff undermine this Court's ability to review the ALJ's

decision.

Plaintiff's applications were denied initially on December 8, 2011. Plaintiff then timely

sought an administrative hearing by an ALJ. On September 19, 2012, Plaintiff, represented by

counsel, attended a hearing before an ALJ. On October 18, 2012, the ALJ issued an opinion

determining that Plaintiff was not disabled under the Act. On November 5, 2012, Plaintiff,

through counsel, submitted a request for review of the ALJ's decision to the Appeals Council.

On July 12, 2013, however, Plaintiff withdrew his request for review. On July 15, 2013, Plaintiff

filed a complaint in this Court. On July 26, 2013, the Appeals Council sent a notice to Plaintiff

and his counsel requesting an acknowledgment of Plaintiff's understanding of the consequences of the withdrawal of his request for Appeals Council Review. Neither Plaintiff nor his counsel responded to this request. The Appeals Council has not granted, denied or dismissed Plaintiff's request for review.

This matter is now before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss (ECF No. 14). For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss (ECF No. 14) be GRANTED and that Plaintiff's Complaint (ECF. No. 3) be DISMISSED without prejudice.

## I. PROCEDURAL HISTORY

The Court construes the allegations in favor of the non-moving party, as required when resolving a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004) (citations omitted). Viewing the facts through such a lens, the Court has concluded that the facts are as follows.

On August 10, 2011, Plaintiff filed applications for SSI and DIB. (Def.'s Mot. to Dismiss or, in the Alternative, Motion for Change of Venue and Mem. in Support ("Def.'s Mem."), Decl. of Paul Halse ("Halse Decl.") (ECF No. 14-1) at ¶ 3(a).) On December 8, 2011, these applications were initially denied. (Halse Decl. at ¶ 3(a).) Plaintiff timely filed a Request for Hearing before an ALJ. (Halse Decl. at ¶ 3(a).) On September 19, 2012, Plaintiff and his representative attended a hearing before an ALJ. (Halse Decl. at ¶ 3(a).)

On October 18, 2012, the ALJ issued an opinion in which he determined that Plaintiff was not disabled under the Act. (Halse Decl., Ex. 1 at 12.) On November 5, 2012, Plaintiff, through his representative, submitted a Request for Review of the ALJ's decision to the Appeals Council. (Halse Decl., Ex. 2.) Subsequently, on July 12, 2013, Plaintiff requested to withdraw

his Request for Review by the Appeals Council. (Halse Decl., Ex. 3 at 1.) Plaintiff's action

occurred before the Appeals Council began to review Plaintiff's claim. (Halse Decl. at ¶ 3(c).)

On July 26, 2013, the Appeals Council notified both Plaintiff and his representative that it

had received Plaintiff's request for withdrawal. (Halse Decl., Ex. 4 at 1-2.) The Appeals

Council requested that Plaintiff acknowledge his understanding of the consequences of

withdrawal. (Halse Decl., Ex. 4 at 1.) As of August 28, 2013, neither Plaintiff nor his

representative had acknowledged the Appeals Council's request, and the Appeals Council had

not taken any action to grant, deny or dismiss Plaintiff's Request for Review. (Halse Decl. at

¶ 3(d).)

On July 15, 2013, Plaintiff filed a Complaint (ECF No. 3) in this Court. On August 26,

2013, Plaintiff requested that this Court grant him default judgment, awarding him benefits under

the Act. (Pl.'s Mot. for Default J. (ECF No. 12).) In none of Plaintiff's filings has he indicated

that he is a resident of the Commonwealth of Virginia. Instead, Plaintiff's filings with this Court

indicate that he is a resident of Wayne, Michigan. (ECF Nos. 3, 12, 13, 15, 17.) On September

5, 2013, Defendant requested that this Court dismiss Plaintiff's complaint or transfer venue to the

Eastern District of Michigan. (Def.'s Mem. at 2-3.)

## II. ANALYSIS

Defendant argues that this Court should dismiss Plaintiff's Complaint, because there is no

final, reviewable decision of the Commissioner. (Def.'s Mem. at 2-3.) In the alternative,

Defendant argues that this Court should transfer venue to the Eastern District of Michigan,

because Plaintiff is a resident of Michigan, and venue is improper in the Eastern District of

Virginia. (Def.'s Mem. at 3-4.)

A district court's jurisdiction to review the Commissioner's decisions arises out of 42

U.S.C. § 405(g). In pertinent part, § 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action. . . . Such Action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). A district court may conduct judicial review only "after any final decision

of the Commissioner made after a hearing." *Id.* Such review may only be in the district in

which Plaintiff resides, has his principal place of business or in the District of Columbia. *Id.*

Although the Act does not define the term "final decision," "its meaning is left to the

[Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Applicable regulations require a claimant to follow a four-step administrative process before the

claimant has a judicially reviewable "final decision" in hand. 20 C.F.R. §§ 404.900(a),

416.1400(a). These steps are: (1) initial determination, (2) reconsideration, (3) hearing before an

Administrative Law Judge, and (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1)-(4).

Only after a claimant completes those steps "will [the Commissioner] have made [a] final

decision" subject to judicial review. 20 C.F.R. § 404.900(a)(5). Exhaustion of this

administrative process is a prerequisite to a court's exercise of jurisdiction under 42 U.S.C.

§ 405(g). *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (noting that "the exhaustion requirement

. . . is a prerequisite to jurisdiction").

If the Appeals Council grants review of a claim, its resulting decision acts as the

Commissioner's final decision, subject to review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). If

the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision

of the Commissioner. *Id.* If, however, a claimant fails to request review from the Appeals Council, there is no final decision of the Commissioner, and judicial review is usually not available. *Id.* at 107. "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id.*

Indeed, the Fourth Circuit recently upheld the dismissal of an action brought by an individual who did not reside within the judicial district in which she filed her complaint. *Phillips v. Soc. Sec. Admin.*, 2013 WL 4035354, at *1 (4th Cir. 2013) (unpublished). In that case, the plaintiff, a resident of Oklahoma, had not alleged that she resided or had her principal place of business in the District of Maryland. *Id.* The Fourth Circuit held that "[t]he district court thus lacked subject matter jurisdiction over her action." *Id.* Further, the Fourth Circuit held that "since the dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits, such dismissal should be without prejudice." *Id.* (citing *S. Walk at Broadlands Homeowner's Ass'n. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).

In the present case, Plaintiff withdrew his request for review by the Appeals Council. Therefore, the Appeals Council has not yet taken action of Plaintiff's Request for Review. (Halse Decl. at ¶ 3(d).) Plaintiff, therefore, has not yet exhausted his administrative remedies, and this Court lacks jurisdiction under § 405(g) to review the Commissioner's decision.

Moreover, assuming, *arguendo*, that a final reviewable decision exists, this Court lacks subject matter jurisdiction over Plaintiff's claim, because Plaintiff does not reside in the Eastern District of Virginia. Plaintiff has not indicated that he resides in the Eastern District of Virginia, nor has he demonstrated that his principal place of business is in the Eastern District of Virginia. Indeed, Plaintiff's filings indicate that he is a resident of Wayne, Michigan (ECF Nos. 3, 12, 13, 15, 17.) Therefore, because Plaintiff neither resides in, nor has his principal place of business in

5

the Eastern District of Virginia, this Court lacks subject matter jurisdiction under § 405(g) to engage in any review of Plaintiff's claim.

Because Plaintiff has failed to exhaust his administrative remedies and Plaintiff neither resides in, nor has his principal place of business in the Eastern District of Virginia, this Court lacks jurisdiction over Plaintiff's action.

### III.  CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Defendant's Motion to Dismiss (ECF No. 14) be GRANTED and that Plaintiff's Complaint (ECF. No. 3) be DISMISSED without prejudice.

Let the Clerk file this Report and Recommendation electronically and forward a copy to the Honorable Henry E. Hudson with notification to all counsel of record.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

_____ /s/

David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: January 28, 2014